UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-81565-Cannon/McCabe

ANTON GOTCHOV MIKOV,

    Plaintiff,

v.

VILLAGE OF PALM SPRINGS,

    Defendant.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss ("Motion") (DE 10), which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 14). The Court held a hearing on the Motion on April 29, 2024. (DE 17). For the reasons set forth below, the undersigned **RECOMMENDS** that the Court **DENY** the Motion **WITHOUT PREJUDICE** and **STAY** and **ADMINISTRATIVELY CLOSE** this case pending resolution of the appeal taken in a related case, *Mikov v. Village of Palm Springs*, 23-cv-81094-AMC.

**I.     BACKGROUND**

This is an employment discrimination case brought by Plaintiff Anton Gotchov Mikov against his former employer, the Village of Palm Springs ("Village"). The instant case will be referred to as "*Mikov II*," while the earlier, related case, *Mikov v. Village of Palm Springs*, 23-cv-81094-AMC, will be referred to as "*Mikov I*."

    **A.     *Mikov I***

On July 28, 2023, Plaintiff filed a pro se employment discrimination suit against the Village, using a standard complaint form available from the clerk's office. (*Mikov I* - DE 1). The complaint included several attachments, among them a Notice of Right to Sue letter issued by the EEOC on May 1, 2023. (*Mikov I* - DE 1-3 at 1). The EEOC letter advised that Plaintiff's right to

sue would be lost if he did not file a lawsuit within ninety days, i.e., July 30, 2023.  (*Mikov I* - DE 1-3 at 1).

On July 31, 2023, the District Court conducted a sua sponte review of the complaint, found it was an impermissible shotgun pleading, and dismissed it without prejudice with leave to amend. (*Mikov I* - DE 6).  Plaintiff thereafter retained counsel and, on September 27, 2023, filed a First Amended Complaint ("FAC").  (*Mikov I* - DE 15).  The FAC brought the following claims against the Village:

| | | |
|---|---|---|
| Count 1 | Race Discrimination under 42 U.S.C. § 1981 |
| Count 2 | Retaliation for Complaints of Race Discrimination under § 1981 |
| Count 3 | Discrimination Based on National Origin under § 1981 |
| Count 4 | Retaliation for Complaints of National Origin Discrimination under § 1981 |
| Count 5 | Discrimination Based on Race under Title VII of the Civil Rights Act of 1964 ("Title VII") |
| Count 6 | Retaliation for Complaints of Race Discrimination under Title VII |
| Count 7 | Discrimination Based on National Origin under Title VII |
| Count 8 | Retaliation for Complaints of National Origin Discrimination under Title VII |
| Count 9 | Discrimination Based on Sex Discrimination under Title VII |
| Count 10 | Retaliation for Complaints of Sex Discrimination under Title VII |
| Count 11 | Discrimination Based on Age under the Age Discrimination in Employment Act of 1967 ("ADEA") |
| Count 12 | Hostile Work Environment Based on Harassment under Title VII and ADEA |

(*Mikov I* - DE 15).

The following day, on September 28, 2023, the District Court issued an Order Dismissing Complaint and Closing Case ("September 2023 Order").  (*Mikov I* - DE 17).  By way of the

2

September 2023 Order, the District Court found that the FAC continued to constitute an impermissible shotgun pleading; as such, the District Court dismissed the FAC without prejudice, and closed the case. (*Mikov I* - DE 17). The September 2023 Order instructed that, "No further repleading in this case is permitted," but also noted that "Plaintiff may initiate a new action as permitted by law." (*Mikov I* - DE 17 at 2 n.1).

On October 6, 2023, Plaintiff's counsel appealed the September 2023 Order, resulting in *Mikov v. Village of Palm Springs, Florida*, Case No. 23-13311, currently pending before the Eleventh Circuit. (*Mikov I* – DE 19, DE 23). As of the date of this Report and Recommendation, the Eleventh Circuit has not yet decided the appeal of *Mikov I*.

**B.    *Mikov II***

Thereafter, on December 18, 2023, Plaintiff filed a new complaint initiating the instant case, *Mikov II*. (DE 1). The new complaint alleges following claims against the Village:

| | | |
|---|---|---|
| Count 1 | | Race and National Origin Discrimination under § 1981 |
| Count 2 | | Hostile Work Environment Based on Harassment under § 1981 |
| Count 3 | | Retaliation for Complaints of Race Discrimination under § 1981 |
| Count 4 | | Discrimination Based on Race and National Origin under Title VII |
| Count 5 | | Discrimination Based on Sex Discrimination under Title VII |
| Count 6 | | Retaliation for Complaints of Discrimination under Title VII |
| Count 7 | | Discrimination Based on Age under the ADEA |
| Count 8 | | Retaliation for Age Discrimination Complaints under the ADEA |

(DE 1).

This Motion followed pursuant to Fed. R. Civ. P 12(b)(6). (DE 10). By way of the Motion, the Village argues that *Mikov II* must be dismissed under the doctrine of claim splitting. *See*

*Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 836 n.1 (11th Cir. 2017) (noting that claim-splitting defense may be raised on a motion to dismiss).

## II.  DISCUSSION

"It is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Greene v. H & R Block E. Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (cleaned up). The doctrine of claim splitting "reflects that a district court, as part of its general power to administer its docket, has the authority to stay or dismiss a suit that is duplicative of another case then pending in federal court" or to permit the duplicative case to proceed. *Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, 8:07-CV-227-T-27TGW, 2008 WL 759095, at *6 (M.D. Fla. Mar. 20, 2008); *see Alonso Cano v. 245 C & C, LLC*, No. 19-21826-CIV, 2019 WL 11769102, at *28 (S.D. Fla. Nov. 25, 2019) ("[T]he Court has discretion to dismiss the claims or to permit them to proceed."). The doctrine of claim splitting "prevents a plaintiff from prosecuting a second suit before the first suit has reached a final judgment, promotes judicial economy, and shields parties from vexatious and duplicative litigation while empowering the district court to manage its docket." *Klayman v. Porter*, No. 22-13025, 2023 WL 2261814, at *3 (11th Cir. Feb. 28, 2023) (cleaned up).

To determine whether a plaintiff has improperly split claims, courts borrow from the res judicata test and examine "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021) (cleaned up). Unlike the res judicata test, in analyzing claim splitting the question "is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Vanover*, 857 F.3d at 841 (cleaned up). This is because "[w]hile claim-splitting and res judicata both promote judicial economy and shield parties from vexatious and duplicative litigation, claim splitting is more

4

concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments." *Id.* (cleaned up).

The Court finds (and Plaintiff concedes) that *Mikov II* involves the same parties, claims, and facts as *Mikov I*.[1] For his part, Plaintiff contends he does not seek to litigate this matter piecemeal and would prefer to litigate all claims at once. He chose the current course of action, he contends, in order to preserve the limitations period on his claims while also complying with the District Court's September 2023 Order. Because the September 2023 Order prohibited him from filing an amended complaint in *Mikov I*, he felt compelled to appeal that order or else risk losing the limitation period on all claims bound by the EEOC's right-to-sue letter. At the same time, because the September 2023 Order allowed him to "initiate a new action as permitted by law," he filed *Mikov II* in order to preserve the limitations periods on claims *not* bound by the EEOC's right-to-sue letter.

While the undersigned appreciates Plaintiff's dilemma, the fact remains that *Mikiov II* represents a classic case of claim splitting. Given the pending appeal, however, the undersigned recommends that the Motion be **DENIED WITHOUT PREJUDICE** to renew it at the end of the *Mikov I* appeal. If Plaintiff wins the appeal, then *Mikov II* would likely become moot. If Plaintiff loses the appeal, then *Mikov II* can proceed without issues of claim splitting. (The Court expresses no view on any other defenses that might be available to the Village at that time). In the meantime, the undersigned recommends that the District Court **STAY** and **ADMINISTRATIVELY CLOSE** this case pending the outcome of the *Mikov I* appeal.

---

[1] The Court notes that the FAC in *Mikov I* alleged twelve counts, whereas the complaint here alleges eight counts. (*Mikov I* – DE 15; DE 1). This appears to reflect an editorial decision to consolidate counts rather than any substantive distinction between the two complaints.

During oral argument on this Motion, the undersigned advised the parties of this proposed recommendations, and both sides indicated they had no objection. Neither side wishes to litigate the case simultaneously in two venues, and both are content to await the outcome of the *Mikov I* appeal.

### III.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Court **DENY** the Motion **WITHOUT PREJUDICE** and **STAY** and **ADMINISTRATIVELY CLOSE** this case pending resolution of the appeal taken in related case, *Mikov v. Village of Palm Springs*, 23-cv-81094-AMC.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 29th day of April 2024.

  RYON M. MCCABE
  U.S. MAGISTRATE JUDGE